[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On July 16, 1993, the plaintiff, Wallace J. Duplin, filed a two count complaint against the defendant, Whink Products Company, pursuant to the Connecticut Product Liability Act, General Statutes § 52-572m et seq. The plaintiff alleges that he sustained serious personal injury when he spilled "Whink" rust stain remover, manufactured by the defendant, onto his hand while at work. In count one of his complaint, the plaintiff alleges that his injuries were proximately caused by the acts and/or omissions of the defendant in that it manufactured and sold the Whink product in a defective and dangerous condition, failed to provide adequate product warnings and emergency instructions, and failed to properly test and investigate the product's properties and characteristics prior to placing it in the stream of commerce. In count two of his complaint, the plaintiff alleges that his injuries resulted from the defendant's reckless disregard for the safety of consumers in that the defendant manufactured, CT Page 5049 distributed and sold the Whink product without adequate warnings, instructions and/or safety precautions information, especially in connection with the appropriate steps to take following a burn such as the one received by the plaintiff.
The defendant filed a revised answer and special defenses on December 7, 1993, claiming, inter alia, that the plaintiff's claim is preempted by 15 U.S.C. § 1261 et seq., the Federal Hazardous Substance Act (FHSA).
On December 22, 1993, the defendant filed a motion to dismiss, accompanied by a supporting memorandum, an affidavit and several exhibits, claiming that the court lacks subject matter jurisdiction over the plaintiff's action in that it is preempted under the supremacy clause of the United States constitution and the Federal Hazardous Substance Act. Specifically, the defendant argues that since the defendant's product contains hydrofluoric acid, its labeling requirements are exclusively governed by FHSA. Furthermore, the defendant argues that FHSA specifically provides for preemption from any state law requirement related to a risk covered under FHSA.
The plaintiff filed a memorandum in opposition to the motion to dismiss, accompanied by an affidavit and an exhibit, in support of its argument that FHSA does not preempt state law claims, and furthermore, that no private right of action exists under FHSA. On April 14, 1994, the defendant filed a supplemental memorandum of law accompanied by a copy of a new decision from the Colorado Court of Appeals supporting the defendant's position.
There is currently a split of authority among several courts that have considered the issue of whether the FHSA preempts state law claims. Some courts have held that FHSA preempts state law claims for alleged inadequate warnings for hazardous substances on the ground that by passing FHSA, Congress intended to occupy the field of establishing adequate labeling for hazardous products. See Lee v. Boyle MidwayHousehold Products, Inc., 792 F. Sup. 1001 (W.D. Pa. 1992). In Moss v. Parks Corp., the court held that FHSA does not preempt common law tort claims based upon noncompliance with existing federal labeling requirements, but does preempt claims to the extent that they seek to impose additional or more clearly stated warnings than those required under FHSA.Moss v. Parks Corp., 985 F.2d 736 (4th Cir. 1993); see SalazarCT Page 5050v. Whink Products Company, No. 93 CA 0055 (Colo.Ct.App., April 7, 1994). In Reigel Textile Corp. v. Celanese Corp., the court reasoned that "the legislative history of the Federal Hazardous Substance Act shows that any preemptive intent under the Act was directed at preventing potential conflict between state and federal labeling requirements, not at supplanting state law damage remedies . . . ." RiegelTextile Corp. v. Celanese Corp., 493 F. Sup. 511, 521 (S.D. N.Y. 1980), aff'd, 649 F.2d 894 (2d Cir. 1981). The United States Court of Appeals for the second circuit specifically held that no private right of action exists with regard to FHSA. Riegel Textile Corp. v. Celanese Corp., 649 F.2d 894,903 (2d Cir. 1981); see also Doane v. Metal Bluing Products,Inc., 568 F. Sup. 744 (N.D.N.Y. 1983); Palmer v. LiggettGroup, Inc., 635 F. Sup. 392 (D.Mass. 1984). The court inRiegel stated that: "plaintiff's claims, grounded in product liability, . . . are traditionally the concern of state law. Plaintiff's state remedies are no less viable because the products may also be regulated under the FHSA or the CPSA [Consumer Product Safety Act]. . . . Nor will relegation of plaintiff to state law remedies frustrate any statutory purpose or national interest." (Citation omitted. ) RiegelTextile Corp. v. Celanese Corp., supra, 902-03.
In this case, it cannot be determined from the allegations of the plaintiff's complaint whether the plaintiff is asserting a failure by the defendant to comply with the labeling requirements of FHSA or a failure to provide warnings beyond those required under FHSA. It is also noted that the plaintiff's complaint contains allegations that the defendant manufactured and sold the Whink product in a defective and dangerous condition and failed to properly investigate and test the product prior to selling it, in addition to the allegations of inadequate warnings. The court finds the reasoning in Reigel Textile Corp. more persuasive with respect to the plaintiff's allegations regarding the defendant's failure to provide adequate warnings. The court finds that the plaintiff's claims regarding inadequate warnings are not preempted by FHSA. The defendant does not provide any caselaw or analysis regarding preemption of the plaintiff's claims of defective manufacture and failure to investigate or test the product. The defendant's motion to dismiss is denied.
Mary R. Hennessey, Judge CT Page 5051